UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **BRIAN K. SCOTT**<br>　　**LA. DOC #406063**<br>**VS.** | **CIVIL ACTION NO. 6:12-cv-2229**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **WARDEN STEVE RADER** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner, Brian K. Scott, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 20, 2012. Petitioner attacks his 2003 conviction for armed robbery and the 35 year sentence imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

*Background*

Petitioner was charged with armed robbery in the case entitled State of Louisiana v. Brian Keith Scott, Docket Number 99564 of the Fifteenth Judicial District Court, Lafayette Parish. On October 30, 2003 he pled guilty as charged to armed robbery. In accordance with a plea agreement, he was then sentenced to serve 35 years at hard labor without benefit of parole. [Doc.

1-2, pp. 34-64; see especially pp. 59-60] Petitioner did not appeal. [Doc. 1, ¶8][1]

On some unspecified date he commenced a collateral attack against his conviction. That litigation terminated on March 27, 2009 when the Louisiana Supreme Court denied writs in the matter entitled *State of Louisiana ex rel. Brian Keith Scott v. State of Louisiana*, 2008-1372 (La. 3/27/2009), 5 So.3d 134.

On March 3, 2011 he filed a *pro se* Motion to Vacate and Set Aside his Guilty Plea Convictions and Sentences complaining that "The Trial Court committed Error Patent on the Face of the Record, by the used [sic] of a Faulty *Boykinization* of defendant by addressing a group of defendants, violation of U.S.C.A. Const. Amend. 14." [Doc. 1-2, pp. 28-32] On March 11, 2011 the trial court denied the motion as time barred. [Doc. 1-2, p. 28]

Petitioner sought review in the Third Circuit Court of Appeals [Doc. 1-2, pp. 17-24] and, on November 4, 2011 the Third Circuit denied relief noting, "The time for Relator to seek post-conviction relief has lapsed, and Relator fails to allege an exception to the time limitation. La. Code Crim.P. art. 930.8.[2]" *State of Louisiana v. Brian K. Scott*, No. KH 11-00472, Doc. 1-2, p.

---

[1] Indeed, under Louisiana law, petitioner could not appeal his conviction since his guilty plea waived all non-jurisdictional pre-plea defects. See *State v. Crosby*, 338 So.2d 584 (La. 1976). Nor could he have appealed the sentence since it was imposed in conformity with the plea agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

[2] Louisiana Code of Criminal Procedure Article 930.8 provides:

No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:

26. Petitioner sought further review [Doc. 1-2, pp. 3-13] and on July 27, 2012 the Supreme Court denied writs also citing art. 930.8. *State of Louisiana ex rel. Brian K. Scott v. State of Louisiana*, 2011-2614 (La. 7/27/2012), 93 So.2d 591. [Doc. 1-2, p. 15]

Petitioner filed the instant petition on August 20, 2012 raising the same claim raised in his Motion to Vacate.

### Law and Analysis

*Limitations – §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period

---

(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.

(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.

(4) The person asserting the claim has been sentenced to death.

generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period."), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998) at fn. 1 ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.") Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced on October 30, 2003. [Doc. 1-2, pp. 34-64] He did not appeal. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>" [28

---

[3] Nothing in the record suggests that State created impediments prevented the timely filing of this petition; nor does the record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally petitioner admits that the error complained of herein was patent error and therefore he does not claim recent discovery of the factual basis of his claim. As such, petitioner is not entitled to statutory tolling as provided by 28 U.S.C. § 2244(d)(1)(B),(C), or (D).

U.S.C. § 2244(d)(1)(A)], 30 days following the imposition of sentence[4] or, on or about December 1, 2003.[5]  Pursuant to 28 U.S.C. § 2244(d)(1) he had one year from that date, or until on or about December 1, 2004 to file his federal *habeas corpus* petition.

As noted above, the limitations period is tolled for the "... time during which a properly filed application for State post-conviction or other collateral review ... is pending..." 28 U.S.C. §2244(d)(2).  Based upon the presumptively reliable published jurisprudence of the Louisiana Supreme Court, it appears that petitioner sought some form of post-conviction review which was ultimately denied by the Louisiana Supreme Court on March 27, 2009. *State of Louisiana ex rel. Brian Keith Scott v. State of Louisiana*, 2008-1372 (La. 3/27/2009), 5 So.3d 134.  However, petitioner has not alleged when this first collateral attack was filed and therefore it is impossible to determine at this time how long petitioner was able to toll the limitations period between December 1, 2003 (the date of finality of judgment for AEDPA purposes) and March 27, 2009 (the date the Louisiana Supreme Court terminated the first round of post-conviction review.)  It is, of course, highly improbable that he tolled limitations throughout this period of over five

---

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than thirty days after the rendition of the judgment or ruling from which the appeal is taken." (The article was amended by Act No. 949, §1 of the 2003 Louisiana Legislature to extend the period for taking an appeal from 5 to 30 days following entry of judgment; that amendment was effective on August 15, 2003.)

[5] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday..." Petitioner was sentenced on Thursday, October 30, 2003. The 30 day period for seeking an appeal ended on Saturday, November 29, 2003. He therefore had until Monday, December 1, 2003 to file a timely motion for appeal and that date should be considered the date of finality of judgment for AEDPA purposes.

years. Nevertheless, it can be said with certainty that almost two years elapsed un-tolled between March 27, 2009 (when the first round of post-conviction litigation was terminated by the Louisiana Supreme Court) and March 3, 2011, the date petitioner filed his Motion to Vacate. Furthermore, another period of approximately 17 months elapsed un-tolled between the date petitioner filed his Motion to Vacate (March 3, 2011) and the date he filed the instant petition (August 20, 2012). As demonstrated by the exhibits and the published jurisprudence, both the Court of Appeals and the Supreme Court construed the Motion to Vacate as an application for post-conviction relief and both courts determined that it was filed beyond the two year period of limitations provided by art. 930.8. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

   In short, the available evidence clearly establishes that a period well in excess of one year elapsed un-tolled between the date that petitioner's judgment of conviction became final for AEDPA purposes and the date he filed the instant petition for *habeas corpus*. The petition is therefore time-barred pursuant to 28 U.S.C. §2244(d)(1)(A).

***Equitable Tolling***

   The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare

and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana October 17, 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE